UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                            :

JOSE CORTEZ,                             :

                Plaintiff,            :

                            :           24-cv-5262 (LJL)

        -v-                     :

                            :          OPINION AND ORDER

BRAND NAME 99 CENTS & UP CORP.,     :

                            :

                Defendant.       :

                            :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jose Cortez ("Plaintiff" or "Cortez") commenced this action on July 11, 2024, against Defendant Brand Name 99 Cents & Up Corp. ("Defendant" or "Brand Name 99 Cents & Up"), alleging violations of the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 190 *et seq.*, 650 *et seq.* ("NYLL"). Dkt. No. 1 ("Compl."). Plaintiff seeks damages, including back wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs in connection with his claims for violations of unpaid minimum and overtime wages under FLSA and NYLL, and wage notice and statement provisions of NYLL.[1] *Id.*; Dkt. No. 17. Plaintiff now moves for default judgment. Dkt. No. 17.[2]

---

[1] Plaintiff sought both pre- and post-judgment interest in the complaint, Compl. at ECF 17, but requests only pre-judgment interest in his motion for default judgment and proposed order, Dkt. No. 17 at 16; Dkt. No. 19. Plaintiff affirmatively waived attorney's fees. Dkt. No. 20 ("Cortez Decl.") ¶ 16.

[2] This action was initially brought as a class or collective action, but Plaintiff seeks a default judgment only on his own behalf. The Court therefore considers his request for class certification abandoned. *See, e.g.*, *Estrada v. Therapy PLLC*, 2021 WL 4427068, at *1 n.2 (S.D.N.Y. Sept. 27, 2021); *Cooper v. Fire & Ice Trucking, Corp.*, 2024 WL 3344001, at *9 (E.D.N.Y. July 9, 2024); *Galicia v. 63-68 Diner Corp.*, 2015 WL 1469279, at *1 (E.D.N.Y. Mar. 30, 2015).

For the following reasons, the motion for default judgment is granted.

## BACKGROUND

The following facts are taken from Plaintiff's complaint, motion for default judgment, and supporting declaration and affidavits.  Compl.; Dkt. No. 17; Dkt. No. 18, Aff. of Lina Stillman ("Stillman Aff."); Dkt. No. 20, Declaration of Jose Cortez ("Cortez Decl.").  The Court accepts as true all well-pleaded factual allegations, except as to damages.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).

Defendant is a New York corporation with its principal place of business in New York, New York.  Compl. ¶ 18.  Defendant owns and operates a resale business selling houseware and other items.  Cortez Decl. ¶ 4.  Defendant has employees engaged in commerce and an annual gross sales volume of at least $500,000.  *Id.* ¶¶ 6–7; Compl. ¶ 19; Dkt. No. 17 at 7; Stillman Aff. ¶ 5.

Plaintiff was employed as a clerk by Defendant from January 15, 2024, to June 28, 2024, in which role he arranged and carried merchandise and completed any additional tasks as directed by the Defendant.  *Id.* ¶ 4; Compl. ¶ 15; Stillman Aff. ¶ 6.  Plaintiff regularly handled goods that had traveled in interstate commerce, including items manufactured or assembled outside the State of New York for preparation and sale by Defendant.  Compl. ¶ 37; Cortez Decl. ¶ 6.

Defendant "maintained significant control over" Plaintiff's working conditions, as well as the policies and practices governing his employment and compensation.  Compl. ¶ 27.  Defendant had the authority to hire and fire Plaintiff, determine the methods and rates of his compensation, and impose disciplinary measures.  *Id.* ¶ 21.  In addition, Defendant set employees' work schedules and workload, assigned tasks, and maintained employee records.  *Id.*

2

¶¶ 21, 27.  Defendant further issued daily instructions and monitored Plaintiff's compliance.  *Id.* ¶ 27.

During his employment, Plaintiff worked a schedule of six days per week, from Sunday through Friday, from 9 a.m. to 9 p.m.  *Id.* ¶ 33.  He worked an average of approximately sixty-nine hours each week.  *Id.* ¶ 33; Stillman Aff. ¶ 7; Cortez Decl. ¶ 8.[3]  He was scheduled to work twelve hours per day, from 9:00 a.m. to 9:00 p.m.  Compl. ¶ 33; Stillman Aff. ¶ 7; Cortez Decl. ¶ 8.  Plaintiff was paid $600 in cash per week, which he alleges came to $8.00 per hour.[4]  Compl. ¶ 33; Stillman Aff. ¶ 7; Cortez Decl. ¶ 8.

Defendant never paid Plaintiff an overtime premium of one-and-one-half-times his regular rate for hours worked beyond forty per week.  Cortez Decl. ¶ 9; Dkt. No. 17 at 9.  Neither did Defendant provide Plaintiff with accurate wage statements, written notice of his rate of pay, or written information regarding minimum wage and overtime requirements.  Compl. ¶¶ 39–41; Cortez Decl. ¶ 12.

## PROCEDURAL HISTORY

Plaintiff filed his complaint on July 11, 2024.  Compl.  Defendant was served with summons and complaint on July 25, 2024.  Dkt. No. 5.  On October 16, 2024, the Clerk of Court issued a certificate of default against Defendant.  Dkt. No. 12.

Plaintiff filed his first motion for default judgment on December 5, 2024.  Dkt. No. 14. The following day, on December 6, 2024, the Plaintiff was directed to refile the motion due to filing errors.

---

[3] The Court notes that a twelve-hour workday six days a week would aggregate to 72 hours.  The difference is immaterial for purposes of liability.

[4] The Court notes that $600 for 69 hours amounts to approximately $8.70 per hour. This discrepancy is immaterial to the damages calculation, which turns on the difference between the $600 weekly payment and the wages owed under the applicable minimum wage.

On January 11, 2025, Plaintiff filed the second motion for default judgment, along with affidavits from Plaintiff and his counsel, Lina Stillman. Dkt. No. 17; Stillman Aff.; Cortez Decl. Defendant has not appeared or responded in this action. The motion for default judgment is accordingly unopposed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default and the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b). Whether entry of default judgment at the second step is appropriate depends upon whether the well-pleaded allegations against the defaulting party establish liability as a matter of law. *See Mickalis Pawn Shop*, 645 F.3d at 137.

Although a defendant who defaults is deemed to have admitted the well-pleaded factual allegations in the complaint, the default does not constitute an admission of legal conclusions, and thus, "a district court need not accept that the alleged facts establish a valid cause of action." *Id.* (citation omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the

[plaintiff's] allegations establish the [defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

The legal sufficiency of a non-defaulting party's claims "is analyzed under the familiar plausibility standard enunciated in [*Twombly*] and [*Iqbal*], aided by the additional step of drawing inferences in the movant's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019). A default judgment entered on well-pleaded allegations does not reach the issue of damages, and a plaintiff "must therefore substantiate his claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd* 691 F. App'x 8 (2d Cir. 2017).

To determine damages that should be awarded on a default judgment, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012). And "[w]here, on a damages inquest, the plaintiff makes a damages submission and the defaulting defendant makes no submission in opposition and does not request a hearing, the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs." *Lenard*, 889 F. Supp. 2d at 527.

## DISCUSSION

Plaintiff alleges four violations by Defendant under the FLSA and NYLL: (1) unpaid minimum and overtime wage compensation under FLSA §§ 206–07, Compl. ¶¶ 49–56;[5] (2)

---

[5] Although Plaintiff asserted recordkeeping violations under FLSA § 211 in the complaint, Compl. ¶ 54, he did not mention this claim in the motion for default judgment. The Court therefore deems this claim abandoned. Plaintiff's claim for unpaid spread-of-hours wages is considered abandoned for the same reason. *See Zak v. Five Tier, Inc.*, 2023 WL 11918324, at *5

unpaid minimum and overtime wage violations under NYLL § 663(3) and 12 NYCRR § 146-1.4., *id.* ¶¶ 57–60; (3) wage notice violations under NYLL § 195(1), *id.* ¶¶ 61–63; and (4) wage statement violations under NYLL § 195(1), *id.* ¶¶ 64–68.

## I.   Liability

As a clerk at Brand Name 99 Cents & Up, Plaintiff qualifies as an employee under both FLSA § 203(e) ("[E]mployee means any individual employed by an employer.")[6] and NYLL § 651(5) ("[A]ny individual employed or permitted to work by an employer in any occupation."). *Hosseini v. Miilkiina LLC*, 2023 WL 7128092, at *3 (S.D.N.Y. Oct. 27, 2023); *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 246 (E.D.N.Y. 2024).

The FLSA applies to employees who are either (1) "engaged in commerce or the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce."[7]  29 U.S.C. §§ 206(a), 207(a)(1).  To qualify as an "enterprise engaged in commerce or in the production of goods for commerce," the employer

---

(S.D.N.Y. Dec. 14, 2023), *report and recommendation adopted*, 2024 WL 3666371 (S.D.N.Y. Aug. 6, 2024) (claims pleaded in complaint but omitted from damages submission deemed abandoned); *Time Inc. Retail v. Newsways Servs., Inc.*, 2018 WL 316995, at *4 (S.D.N.Y. Jan. 8, 2018) (requests in complaint for attorneys' fees, costs, and prejudgment interest abandoned where plaintiff failed to provide support in motion for default judgment), *report and recommendation adopted*, 2018 WL 2332067 (S.D.N.Y. May 22, 2018); *Arch Specialty Ins. Co. v. Canbert Inc.*, 2021 WL 1200329, at *3 n.3 (E.D.N.Y. Mar. 9, 2021) (claim asserted in complaint but not discussed in motion for default judgment deemed abandoned), *report and recommendation adopted*, 2021 WL 1193004 (E.D.N.Y. Mar. 30, 2021).

[6] The Court does not address whether Plaintiff was an exempt employee for purposes of the FLSA.  "The application of an exemption under the FLSA is an affirmative defense, and an employer bears the burden of proving that its employees fall within an exempted category of the Act. Like other affirmative defenses, a Defendant's willful default constitutes a waiver of any affirmative defenses."  *Gumaneh v. Vilano Emp. Servs., Inc.*, 2023 WL 5715613, at *4 (S.D.N.Y. Sept. 5, 2023) (cleaned up); *see also Hosseini v. Miilkiina LLC*, 2023 WL 7128092, at *3 n.1 (S.D.N.Y. Oct. 27, 2023); *Garcia v. 2390 Creston Realty LLC*, 2023 WL 4849889, at *7 n.2 (S.D.N.Y. July 28, 2023); *Burns v. Scott*, 635 F. Supp. 3d 258, 275 n.2 (S.D.N.Y. 2022).

[7] The NYLL applies a similar analysis, "except that the NYLL does not require plaintiffs to show a nexus with interstate commerce or a minimum amount of annual sales."  *Tackie v. Keff Enter., Inc.*, 2014 WL 4626229, at *2 n.2 (S.D.N.Y. Sept. 16, 2014).

must have (1) "employees engaged in commerce or in the production of goods for commerce" or

"employees handling, selling or otherwise working on goods or materials that have been moving

in or produced for commerce by any person;" and (2) an annual gross sales volume of at least

$500,000.  29 U.S.C. § 203(s)(1)(A)(i-ii); *see Marcelino v. 374 Food, Inc.*, 2018 WL 1517205, at

*10 (S.D.N.Y. Mar. 27, 2018).

Plaintiff alleges that during his employment, he "regularly handled items manufactured

and or assembled outside of New York State."  Cortez Decl. ¶ 6.  He further asserts that

Defendant "relied heavily on goods and products . . . transported across state lines," Stillman

Aff. ¶ 5, and had annual gross volume of sales exceeding $500,000.00, Cortez Decl. ¶ 7; Compl.

¶ 19; Dkt. No. 17 at 7; Stillman Aff. ¶ 5.  "[L]ocal business activities fall within the reach of the

FLSA when an enterprise employs workers who handle goods or materials that have moved or

been produced in interstate commerce."  *Cabrera v. Canela*, 412 F. Supp. 3d 167, 173 (E.D.N.Y.

2019) (quoting *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 530 (S.D.N.Y. 1998)).

Defendant qualifies as an employer under FLSA § 203(a)(d) (persons that act "directly or

indirectly in the interest of an employer in relation to an employee") and NYLL § 651(6) ("any

individual, partnership . . . [or] corporation . . . acting as employer").  The Second Circuit applies

an "economic reality" test to determine whether an employer-employee relationship exists.

*Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013).  "When it comes to 'employer'

status under the FLSA, control is key."  *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 205

(S.D.N.Y. 2014) (quoting *Lopez v. Acme Am. Envtl. Co., Inc.*, 2012 WL 6062501, at *3

(S.D.N.Y. Dec. 6, 2012)); *see also Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013)

("District courts in this Circuit 'have interpreted the definition of employer under the [NYLL]

coextensively with the definition used by the FLSA.'") (quoting *Spicer v. Pier Sixty LLC*, 269

F.R.D. 321, 335 n. 13 (S.D.N.Y. 2010)).  In assessing control, the Second Circuit considers whether the defendant (1) had the power to hire and fire the plaintiff, (2) supervised and controlled the plaintiff's work schedules or conditions of employment, (3) determined the plaintiff's rate and method of payment, and (4) maintained employment records.  *Irizarry*, 722 F.3d at 105.  The court must consider the totality of the circumstances, and no single factor is dispositive.  *Id.* at 106.

Plaintiff alleges facts supporting all four factors.  Plaintiff was employed by Defendant as a clerk, arranging and carrying merchandise and performing tasks assigned by Defendant. Cortez Decl. ¶ 4; Compl. ¶ 15; Stillman Aff. ¶ 6.  He alleges that Defendant "maintained significant control over" Plaintiff's working conditions, as well as the policies and practices governing his employment and compensation.  *Id.* ¶ 27.  Plaintiff further alleges that Defendant had authority to hire and fire employees, set work schedules, assigned tasks, determined compensation methods and rates, enforced discipline, and maintained employment records. Compl. ¶¶ 21, 27.  Taken together, Defendant was Plaintiff's employer under both the FLSA and NYLL.

### A.    Unpaid Wages and Overtime Pay

The FLSA and NYLL each require an employer to pay an employee at least a minimum hourly rate for each hour the employee works.  29 U.S.C. § 206; NYLL § 652.  The FLSA requires employers to pay employees the higher of federal minimum wage for every hour worked, 29 U.S.C. § 206, and the state minimum wage, 29 U.S.C. § 218(a).  For the entire relevant period, the federal minimum wage was $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), and the New York City minimum wage was $16.00 per hour, NYLL § 652(1-a)(a).

Additionally, both the FLSA and NYLL require employers to pay employees one-and-one-half times their regular rate of pay for hours worked over forty per week.  29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2.

Plaintiff alleges that between January 15, 2024, and June 28, 2024, he "worked six days a week, Sunday through Friday from 9:00 A.M. to 9:00 P.M., . . . for a total of sixty-nine (69) hours per week."  Compl. ¶ 33; *accord* Stillman Aff. ¶ 7; Cortez Decl. ¶ 8; *see Herrera v. Comme des Garcons, Ltd.*, 2023 WL 6798604, at *4 (2d Cir. Oct. 16, 2023) ("[P]laintiffs must sufficiently allege '40 hours of work in a given workweek.'" (quoting *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013))).  However, Plaintiff was only paid a flat rate of $600 per week, or approximately $8.70 per hour.  Compl. ¶ 33; Stillman Aff. ¶ 7; Cortez Decl. ¶ 8.  Therefore, Defendant violated the NYLL's minimum wage provisions.

Plaintiff also pleads sufficient factual information to establish that Defendant violated the FLSA and NYLL overtime requirements.  *See Hosseini*, 2023 WL 7128092, at *4; *see also Maldonado Juarez v. Butterfield Catering Inc.*, 2020 WL 6945944, at *2 (S.D.N.Y. Nov. 25, 2020).  Because Defendant never paid Plaintiff overtime compensation for his work in excess of 40 hours per week, Cortez Decl. ¶ 9; Dkt. No. 17 at 9, they "straightforwardly violated the FLSA and New York overtime requirements," *Castillo v. Isakov*, 2023 WL 6664552, at *4 (S.D.N.Y. Oct. 12, 2023).

### B.    Wage Notice and Statement Violations

Plaintiff also seeks a default judgment against the Defendant on her wage notice and wage statement claims under New York law.  Before the Court may proceed to the merits of Plaintiffs' claim, the Court must determine that Plaintiff has standing, including that he has demonstrated "concrete and particularized" injury-in-fact.  *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

The Second Circuit has addressed the pleadings a plaintiff must make to establish Article III standing for NYLL wage notice and wage statement claims. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300 (2d Cir. 2024). A plaintiff does not have Article III standing purely by pointing to "technical violations of the [NYLL]." *Id.* at 305. The fact that the Wage Theft Prevention Act "grants a person a statutory right and purports to authorize that person to sue to vindicate that right" alone does not give an employee the right to pursue that claim in federal court. *Id.* Rather, the plaintiff must "show some causal connection between the lack of accurate notices and [a] downstream harm," such as an impaired ability to seek relief for wage violations about which they may not have information or a lack of proper documentation to apply for public benefits. *Id.* at 308–09. The plaintiff must plausibly allege "*how* he was injured by [the] defendants' failure to provide the required documents" and may not rely on "speculation and conjecture." *Id.* at 309 (citation omitted); *see also id.* at 308 ("[U]nless the plaintiff-employee can show that he or she would have undertaken such advocacy and plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff-employee has not established a concrete injury-in-fact sufficient to confer standing to seek statutory damages under § 195."). Nevertheless, "[a] plaintiff need not . . . establish an injury that is greater than or different from the loss of wages or overtime pay alleged in their lawsuit." *Lock v. Costco Wholesale Corp.*, 22024 WL 4728594, at *4 (E.D.N.Y. Nov. 8, 2024) (citing *Guthrie*, 113 F.4th at 308).

In *Guthrie*, the Circuit cited with approval decisions by judges in this District in *Kaur v. Natasha Accessories Ltd.*, 2024 WL 3429129, at *4 (S.D.N.Y. July 16, 2024), *Santamaria v. Vee Techs., Inc.*, 2024 WL 1216579, at *8 (S.D.N.Y. Mar. 21, 2024), and *Metcalf v. TransPerfect Translations Int'l, Inc.*, 2023 WL 2674743, at *6 (S.D.N.Y. Mar. 29, 2023). *See* 113 F.4th at 308

n.4.  In each of those cases, the plaintiff claimed that the failure to provide an accurate wage statement or notice prevented her from determining the wages she was owed and from seeking payment for the unpaid or owed wages.  *See Kaur*, 2024 WL 3429129, at *4  ("Kaur plausibly alleges that her wage statements showed fewer hours than what she actually worked, which prevented her from determining and seeking payment for the precise amount of her unpaid wages and she was thus harmed by being deprived of her income for longer than she would have been had she been able to timely raise her underpayment earlier. This financial harm is a tangible downstream consequence of the failure to receive required information." (internal quotation marks, alterations, and citation omitted)); *Santamaria*, 2024 WL 1216579, at *8 ("Santamaria claims that she suffered an injury because she was misclassified and therefore underpaid. So, according to Santamaria, the informational harm—the fact that she wasn't advised that she was due overtime if she worked overtime hours—led to a concrete injury here. That is, Santamaria didn't know she was supposed to be paid overtime, and so she lost out on the ability to advocate for it and be paid according to the law's requirements."); *Metcalf*, 2023 WL 2674743, at *6 ("Plaintiffs here actually received inaccurate wage notices, which did not include a tabulation of hours and overtime, and which thereby prevented them from knowing whether, and to what extent, they had been underpaid during the nine-month period. Without a record of hours worked, plaintiffs have further remained unable to determine whether the remedial payments issued by TransPerfect have adequately compensated them for their overtime hours. Accordingly, the injury suffered by plaintiffs is not merely hypothetical.").

Following *Guthrie*, courts in this Circuit "are in agreement that a plaintiff has standing if he [or she] plausibly alleges that, by failing to provide the required wage statements, the employer was 'able to hide [its] violations of wage and hour laws' and thus prevent the employee

from 'determining and seeking payment for the precise amount of [his] unpaid wages.'" *Roma v. David Carmili, Physician, P.C.*, 2024 WL 5152211, at *5–6 (E.D.N.Y. Dec. 18, 2024) (quoting *Freeland v. Findlay's Tall Timbers Distrib. Center, LLC*, 2024 WL 4652251, at *2 (W.D.N.Y. Nov. 1, 2024), *appeal dismissed*, 2024 WL 5445327 (2d Cir. Dec. 27, 2024)).

Plaintiff's allegations satisfy the *Guthrie* standards. Plaintiff alleges that Defendant's failure to provide wage notices and accurate wage statements prevented him from "accurately calculate[ing] his rightful wages" and from "fully understand[ing] and assert[ing] his rights regarding his wages." Compl. ¶¶ 46, 48. He further states that, had he known to demand his lawful pay, he "could have afforded" necessities such as a car and renting an apartment "in a nicer community." Cortez Decl. ¶ 15. These allegations suffice to plead injury-in-fact under *Guthrie*.

Under the NYLL, employers must furnish wage notices to their employees, disclosing the rate of pay, NYLL § 195(1)(a), and wage statements, describing the dates of work covered, the applicable rates of pay, as well as relevant deductions, allowances, and other information, *id.* § 195(3). Plaintiff alleges that, in violation of those statutory requirements, Defendant never provided him with wage notices or accurate wage statements. Compl. ¶¶ 39–41; Cortez Decl. ¶ 12. Consequently, Defendant violated the NYLL's wage notice and wage statement provisions. *See Hosseini*, 2023 WL 7128092, at *4; *Tambriz v. Taste & Sabor LLC*, 577 F. Supp. 3d 314, 327–28 (S.D.N.Y. 2021), *report and recommendation adopted*, 2022 WL 282918 (S.D.N.Y. Jan. 31, 2022).

## II. Damages

Under Federal Rule of Civil Procedure 55(b)(2), a court may "conduct hearings or make referrals" to "determine the amount of damages" for a default judgment. Fed. R. Civ. P. 55(b)(2). However, "a hearing is not required where a sufficient basis on which to make a

calculation exists." *Maldonado v. La Nueva Rampa, Inc.*, 2012 WL 1669341, at *2 (S.D.N.Y.

May 14, 2012).  Having reviewed the materials submitted by Plaintiff and his counsel, the Court

finds that a further inquest would be unnecessary.  *See* Dkt. No. 17; Stillman Aff.; Cortez Decl.;

*see also Estrada v. Therapy PLLC*, 2021 WL 4427068, at *2 (S.D.N.Y. Sept. 27, 2021);

*Hosseini*, 2023 WL 7128092, at *6.

Although Defendant violated both the FLSA and NYLL, Plaintiff may not recover

duplicative damages under both statutes for the same violations.  *See Sanango v. Ruby Nails*

*Tarrytown, Inc.*, 2023 WL 2707329, at *3 (S.D.N.Y. Mar. 30, 2023) (citation omitted); *Rana v.*

*Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (denying recovering duplicative liquidated damages

under both the FLSA and NYLL).  Because Plaintiff elects to recover under the NYLL, which

prescribes a higher minimum wage, the Court's analysis will focus on New York law.

### A.    Unpaid and Overtime Wages

To prevail on a claim for unpaid wages under either the FLSA or NYLL, an employee

must demonstrate that he performed work for which he was not properly compensated.  *See*

*Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003) (citing *Anderson v. Mt. Clemens*

*Pottery Co.*, 328 U.S. 680, 686–87 (1946)).

The FLSA also requires employers to "make, keep, and preserve" records of employee

wages, hours, and employment conditions.  29 U.S.C. § 211(c).  "When an employer fails to

maintain accurate and complete records of the hours employees work and the amounts they are

paid, the plaintiff-employee need only . . . submit 'sufficient evidence from which violations of

the [FLSA] and the amount of an award may be reasonably inferred.'"  *Gonzalez v. Masters*

*Health Food Serv. Inc.*, 2017 WL 3835960, at *16 (S.D.N.Y. July 27, 2017) (quoting *Reich v. S.*

*New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997)).  An employee meets this

burden by showing that he "performed work for which he was improperly compensated" and

13

"the amount and extent of that work [is] a matter of just and reasonable inference." *Hernandez v. Jrpac Inc.*, 2016 WL 3248493, at *27 (S.D.N.Y. June 9, 2016) (quoting *Anderson*, 328 U.S. at 687). "This burden is 'not high' and may be met 'through estimates based on [the employee's] own recollection.'" *Id.* (quoting *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)).

Once the employee makes this showing, "[t]he burden then shifts to the employer to come forward [i] with evidence of the precise amount of work performed or [ii] with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at *27 (quoting *Anderson*, 328 U.S. at 687–88). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate." *Gonzalez*, 2017 WL 3835960, at *16 (quoting *Anderson*, 328 U.S. at 688).

"A similar standard applies to unpaid compensation claims under [the] NYLL." *Id.*; *see also Garcia v. JonJon Deli Grocery Corp.*, 2015 WL 4940107, at *4 n.8 (S.D.N.Y. Aug. 11, 2015) ("Courts use the same burden-shifting framework to determine liability for unpaid overtime under the NYLL [and the FLSA].").  However, the NYLL imposes a more stringent burden on employers who fail to keep records.  In such cases, the employer "shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements."  NYLL § 196-a(a); *see also generally Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017).  The NYLL requires the employer to prove payment of "wages, benefits, and supplements" to employees by a preponderance of the evidence.  NYLL § 196-a(a); *see also Jrpac*, 2016 WL 3248493, at *36.  An employer who cannot meet the requirements of the FLSA "cannot satisfy th[is] 'more demanding burden' of the NYLL."  *Canelas*, 2017 WL

1233998, at *9 (quoting *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005)).

Here, Defendant failed to appear in this action and did not provide Plaintiff with pay records or wage statements. Compl. ¶¶ 39–41; Cortez Decl. ¶ 12. Instead, Plaintiff submitted a sworn declaration providing his best estimates of the days and hours he worked. *See* Cortez Decl. The Court accepts these estimates. *See Teofilo v. Real Thai Cuisine Inc.*, 2021 WL 22716, at *4 (S.D.N.Y. Jan. 4, 2021) (accepting sworn statements where pay records provided in discovery did "not reflect the days of the week or hours worked" and were therefore deficient).

To calculate the unpaid minimum and overtime wages, the Court determines the difference between what Plaintiff should have been paid under the NYLL and what he was actually paid. The Court first determines the applicable minimum wage or Plaintiff's regular rate of pay (whichever is greater) for the relevant period. Because Plaintiff does not fall under New York's Hospitality Industry Wage Order, his regular rate of pay equals his total weekly pay divided by the total hours worked in a given week. *See* 12 N.Y.C.C.R.R. § 142-2.16. The greater of the minimum wage or this regular rate is then used to calculate Plaintiff's standard pay for a 40-hour workweek. *See Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 371 (E.D.N.Y. 2022); *Cooper v. Fire & Ice Trucking, Corp.*, 2024 WL 3344001, at *10 (E.D.N.Y. July 9, 2024). For any hours worked beyond that, the Court applies the applicable overtime rate, which is one and a half times the applicable wage. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2. The total amount Plaintiff should have received in a given week includes both standard and overtime pay. The difference between this amount and what Plaintiff actually received represents the unpaid wages. As outlined below, the Court finds that Plaintiff is owed $17,348.57 in back wages.

| Start Date | End Date | Weeks | Hours /Week | Regular Rate or Min. Wage | Min. OT Rate | Proper Weekly Pay | Actual Weekly Pay | Weekly Pay Owed | Total Pay Owed |
|---|---|---|---|---|---|---|---|---|---|
| 1/15/2024 | 6/28/2024 | 23.57 | 69 | $16.00 | $24.00 | $1,336.00 | $600.00 | $736.00 | **$17,348.57** |

### B.    Liquidated Damages

Under NYLL § 663, a plaintiff is also entitled to liquidated damages "equal to one hundred percent of such underpayments found to be due," unless the defendant shows "a good faith basis to believe that its underpayment of wages was in compliance with the law."  NYLL § 663; *see generally Marcelino*, 2018 WL 1517205, at *17–18; *see also Rana*, 887 F.3d at 122–23. To present this defense, the employer must demonstrate that it "took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'"  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)).  The employer must also show that its good-faith actions were objectively reasonable.  *RSR*, 172 F.3d at 142–43.  Even where a defendant employer has appeared in the action, the Second Circuit has observed that "the employer's burden [is] 'a difficult one,' emphasizing that 'double damages [are] the norm and single damages the exception.'"  *Barfield*, 537 F.3d at 150 (quoting *RSR*, 172 F.3d at 142).  Plaintiff alleges that Defendant was not acting in good faith.  Compl. ¶¶ 25.  Though this allegation is conclusory and would not suffice to meet the Plaintiff's burden under the standard set out by the Second Circuit in *Whiteside v. Hover-Davis, Inc.* for pleading willfulness for the purposes of the FLSA statute of limitations, 995 F.3d 315, 322 (2d Cir. 2021), the burden in this context is on Defendant to show good faith and the absence of plausible allegations of bad faith.  Defendant has not appeared in this action or presented such a defense, so they have forfeited their opportunity to prove good faith.  *See Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 255 (E.D.N.Y. 2024); *Cooper*, 2024

WL 3344001, at *11.  Accordingly, Plaintiff is entitled to a liquidated damages award in the amount of $17,348.57.

### C.    Statutory Damages

The NYLL requires employers to provide wage notices to employees at the time of hiring and to issue accurate wage statements at the time wages are paid.  *See* NYLL §§ 195(1)(a), (3); 12 N.Y.C.R.R. § 142-2.4.  Plaintiff alleges that Defendant failed to provide him with wage notices or accurate wage statements.  Compl. ¶¶ 39–41; Cortez Decl. ¶ 12.

Under NYLL § 198(1-b), employees are entitled to recover wage-notice statutory damages of $50 "for each work day that the violations occurred or continue to occur," not to exceed $5,000.  NYLL § 198(1-b).  Under NYLL § 198(1-d), employees are entitled to recover wage-statement statutory damages of $250 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000.  NYLL § 198(1-d).  "Since Defendant[] failed to provide Plaintiff[ ] with the required wage notice for more than 100 days, and failed to provide Plaintiff[ ] with the required wage statements for more than twenty days," he is entitled to "the maximum statutory damage award of $5,000 for violations of NYLL § 195(1) and $5,000 for violations of NYLL § 195(3), for a total of $10,000 in statutory damages each."  *Diaz v. Rene French Cleaners, Inc.*, 2022 WL 4646866, at *11 (E.D.N.Y. Aug. 29, 2022); *see also Hosseini*, 2023 WL 7128092, at *7 (S.D.N.Y. Oct. 27, 2023); *Ayala v. P&N Cuisine Inc.*, 2022 WL 3327544, at *4 (S.D.N.Y. July 13, 2022); *Khan v. AC Auto., Inc.*, 2021 WL 2036706, at *4 (S.D.N.Y. May 21, 2021).

### D.    Pre- and Post-Judgment Interest

Employees may recover prejudgment interest with respect to their back wages, but not with respect to liquidated damages or violations of the wage statement or wage notice provisions. NYLL § 198(1-a); *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 557 (S.D.N.Y.

2017); *Estrada*, 2021 WL 4427068, at *4.  The statutory rate of interest in New York is nine

percent per year.  *See* N.Y. C.P.L.R. § 5004.  To determine when prejudgment interest begins to

accrue, "[c]ourts applying [the] NYLL in wage-and-hour cases 'often choose the midpoint of the

plaintiff's employment within the limitations period.'"  *Hengjin Sun v. China 1221, Inc.*, 2016

WL 1587242, at *6 (S.D.N.Y. Apr. 19, 2016) (quoting *Tackie v. Keff Enters. LLC*, 2014 WL

4626229, at *6 (S.D.N.Y. Sept. 16, 2014)).  The Court will award prejudgment interest in this

case, starting from April 7, 2024, the midpoint of Plaintiff's employment with Defendant during

the relevant period.

While Plaintiff sought both prejudgment and post-judgment interest in the complaint,

Compl. at ECF 17, he does not mention post-judgment interest in the motion for default

judgment and proposed order, Dkt. No. 17 at 16; Dkt. No. 19.  Nevertheless, "the very language

of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil

case where money damages are recovered."  *Campos Marin v. J&B 693 Corp.*, 2022 WL

377974, at *13 (S.D.N.Y. Jan. 21, 2022) (internal quotations omitted), *report and*

*recommendation adopted*, 2022 WL 374522 (S.D.N.Y. Feb. 7, 2022); *see Tacuri v. Nithin*

*Constr. Co.*, 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015) (awarding post-judgment

interest despite plaintiffs' failure to request post-judgment interest in default judgment motion);

*Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, 741 F. Supp. 3d 1, 16

(E.D.N.Y. 2024) (same); *but see Melgadejo v. S & D Fruits & Vegetables Inc.*,

2015 WL 10353140, at *2 n.1 (S.D.N.Y. Oct. 23, 2015) (request for post-judgment interest in

complaint but omitted from damages submission deemed abandoned), *report and*

*recommendation adopted sub nom. Melgadejo v. S&D Fruits & Vegetables Inc.*, 2016 WL

554843 (S.D.N.Y. Feb. 9, 2016). The Second Circuit has also explained that "an award of post-judgment interest is mandatory." *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008).

Under the statute, interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). Therefore, Plaintiff is entitled to post-judgment interest, which shall accrue from entry of judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.

### E.    Costs

As Plaintiff affirmatively waived his claim for attorney's fees, *see* Cortez Decl. ¶ 16, the Court will assess only costs.

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover [his or] her reasonable attorney's fees and costs." *Almanzar v. 1342 St. Nicholas Avenue Rest. Corp.*, 2016 WL 8650464, at *12 (S.D.N.Y. Nov. 7, 2016) (citing *Najnin v. Dollar Mountain, Inc.*, 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015)); *see* 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663(1). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged feepaying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.,* 818 F.2d 278, 283 (2d Cir.1987) (internal quotation marks and citation omitted). Courts, in their discretion, have awarded reasonable costs for various expenses, including court filing fees, service fees, travel expenses, interpreter fees, research costs, and mailing and copying fees. *See, e.g., Guo v. Tommy's Sushi, Inc.*, 2016 WL 452319, at *7 (S.D.N.Y. Feb. 5, 2016) (awarding court fees, courier fees, interpreter fees, and travel expenses); *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 31 (S.D.N.Y. 2015) (awarding court filing fee and transcription, mailing, and transportation costs); *Nautilus Neurosciences, Inc. v. Fares*, 2014

WL 1492481, at *4 (S.D.N.Y. Apr. 16, 2014) (awarding court fees, administrative fees, photocopying, and legal research costs).

To recover these costs, the plaintiff must substantiate the request for costs. *See Cajero Torres v. Sushi Sushi Holdings Inc.*, 2022 WL 2788655, at *21 (S.D.N.Y. July 15, 2022); *Hernandez v. JRPAC Inc.*, 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017). Such substantiation may be in the form of "(1) entries on the Court's docket, (2) extrinsic proof, including an invoice or a receipt, or, ordinarily, (3) a sworn statement or declaration of expenses." *Id.*; *see Cortes v. New Creators, Inc.*, 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.") (citation omitted).

Plaintiffs' counsel seeks reimbursement of $484 in costs, consisting of the $405 court filing fee and a $79 process service fee, but has not provided invoices or receipts supporting either expense. Stillman Aff. ¶ 48. Nonetheless, courts may take judicial notice of filing fees reflected on the docket and award them accordingly. *See Whitehead v. Mix Unit, LLC*, 2019 WL 384446, at *6 (S.D.N.Y. Jan. 13, 2019) (taking judicial notice of and awarding $400 filing fee); *BWP Media USA, Inc. v. Uropa Media, Inc.*, 2014 WL 2011775, at *4 (S.D.N.Y. May 16, 2014) (same); *Guo*, 2016 WL 452319, at *3. The Court therefore takes judicial notice of and awards the $405 filing fee. Additionally, Plaintiff's counsel has sworn under the penalty of perjury that Plaintiff paid $79 for the service of process. *See* Stillman Aff. ¶ 48. Plaintiff's requests for these costs are thus both adequately supported. *See Abel v. Town Sports Int'l, LLC*, 2012 WL 6720919, at *34 (S.D.N.Y. Dec. 18, 2012) (awarding witness and subpoena service fees where

plaintiff's counsel submitted sworn affidavit); *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, 2014 WL 2624759, at *8 (S.D.N.Y. June 10, 2014) (awarding court filing fee, process service fee, and travel costs where plaintiff's counsel sworn to incurring these costs); *but see Suriel v. Cruz*, 2022 WL 1750232, at *18 (S.D.N.Y. Jan. 10, 2022) (recommending denial of request for service fees that lacked "invoices or receipts to substantiate the claimed amount[s]."), *report and recommendation adopted*, 2022 WL 1751163 (S.D.N.Y. May 31, 2022); *Joe Hand Promotions, Inc. v. Elmore*, 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (denying reimbursement where plaintiff submitted only counsel's affidavit itemizing costs).

## CONCLUSION

The motion for default judgment is GRANTED. Plaintiff is entitled to relief on his claims for back wages, liquidated damages, wage notice and wage statement violations, and costs. Damages are awarded against Defendant as follows:

- $17,348.57 in back wages under the NYLL, with 9% prejudgment interest accruing from April 7, 2024;

- $17,348.57 in liquidated damages;

- $5,000 for Defendant's violation of NYLL § 195(1) and $5,000 for Defendant's violation of NYLL § 195(3);

- $484.00 in costs; and

- Post-judgment interest pursuant to 28 U.S.C. § 1961.

The Court's judgment provides that "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after the expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4).

The Clerk of Court is respectfully directed to enter judgment for Plaintiff and close this

case.

SO ORDERED.

Dated: April 30, 2025
       New York, New York                    _____
                                                        LEWIS J. LIMAN
                                              United States District Judge